Josephine A. FLANAGAN, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

No. 11967.

United States Court of Appeals Fourth Circuit.

Argued March 7, 1968.

Decided March 14, 1968.

Dean MacD. Greiner, Bristol, Va. (Philip M. Flannagan, Bristol, Va., on brief) for appellant.

William C. Breckinridge, Asst. U. S. Atty., for appellee.

Before BOREMAN and WINTER, Circuit Judges, and MacKENZIE, District Judge.

PER CURIAM:

In this appeal a social security claimant seeks to increase the amount of the monthly benefits which are payable to her when she retired upon reaching the age of 62. The claimant, a private duty nurse, has engaged in that occupation for approximately 40 years. According to her testimony, she sustained an injury to her back in 1953 and did not practice her profession until 1959. In 1959 she resumed nursing and continued in that endeavor until 1964, when she attained the age of 62 and elected retirement.

The Secretary, whose award was affirmed by the district court, computed her retirement benefit by totaling her yearly earnings for the period 1956 to 1964, 3 years of which she did not work, by then dividing the total by the number of months in the period and by then applying the benefit tables prescribed by statute, reducing the result in an appropriate manner to reflect retirement before age 65. Claimant contends that the computation of the Secretary should have proceeded from consideration only of her earnings for the years 1959 to 1964 and the months included in that period, and that her ultimate monthly benefit should be correspondingly increased, because (a) the Social Security Act did not apply to her until 1955, and, alternatively, (b) the years in which she did not work should be excluded from the computation because she was under a "disability" as defined in the Act.

Section 211(c) of the Social Security Act, as amended by the Social Security Amendment Act Amendments of 1950, 42 U.S.C.A. § 411(c), made the Act applicable to the earnings of a person engaged in a "trade or business," with certain exceptions. The enumerated exceptions do not include self-employed nurses, although physicians and others providing related health services are included. It follows that in all years following 1950, claimant was covered by the Act and the Secretary properly included the months of the years in which she did not work in the divisor of the computation to determine the amounts of her monthly benefit.

As to claimant's contention that those months should be excluded because she was under a "disability," the short answer is that claimant asserted no disability until she sought retirement upon attaining age 62, and that § 216(i) (2) (E) of the Act, 42 U.S.C.A § 416(i) (2) (E) bars assertion of such a claim more than 12 months after the period of disability has terminated.

Affirmed.